**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, New Jersey 08611
(973) 681-7979
Joseph R. Zapata, Jr.
jzapata@msbnj.com
*Attorneys for Andrea Dobin, Chapter 7 Trustee*

|  |  |
|---|---|
| In re:  NYRLINE NICOLAS-PAUL,  Debtor. | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY  Case No. 20-17713 (CMG)  Chapter 7  The Honorable Christine M. Gravelle |

**APPLICATION OF ANDREA DOBIN, CHAPTER 7 TRUSTEE
IN SUPPORT OF ENTRY OF A CONSENT ORDER
<u>EXTENDING TIME TO OBJECT TO THE DEBTOR'S DISCHARGE</u>**

Andrea Dobin, Chapter 7 Trustee (the "Trustee") for Nyrline Nicolas-Paul (the "Debtor"), hereby applies pursuant to D.N.J. LBR 9021-(b) for the entry of a Consent Order Extending Time to Object to Discharge. In support thereof, the Trustee respectfully represents as follows:

1. On June 19, 2020, the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. <u>See</u> Dkt No. 1.

2. On June 20, 2020, the Trustee was appointed as Chapter 7 Trustee. The Trustee qualified for and accepted such appointment.

3. On July 15, 2020, the Trustee conducted the First Meeting of Creditors pursuant to 11 U.S.C. § 341(a) (the "First Meeting").

4. Based on the Debtor's testimony at the First Meeting, the Trustee requested 6 months' worth of bank statements to be able to trace the disposition of a lump sum "back pay"

award and the Debtor's substantial tax refund. A review of the statements the Trustee received raised additional questions.

5. After reviewing the bank statements, the Trustee followed up with Debtor's counsel raising the following issues:

   a. The Debtor's schedules list a bank account at South Jersey Federal Credit Union. Copies of bank statements were not provided by the Debtor.

   b. The October 2019 Bank Statement for the Debtor's bank account at Bank of America reflects a $10,000 transfer to a savings account (ending 0232) that was not listed on the Debtor's schedules. The Debtor has further failed to provide any copies of bank statements for that account.

   c. The bank statements that were provided by the Debtor reflect a lot of transactions through Zelle. The Debtor was requested to provide a print-out of the Zelle account for at least the one year prior to the bankruptcy filing, through August 10, 2020, but has failed to provide the same.

6. On August 10, 2020, the Trustee sent an email to Debtor's counsel for an explanation as to the above issues and have not received a response to the same. Subsequent emails have likewise been sent to Debtor's counsel and the Debtor has failed to provide an explanation or documents in response to the same.

7. On September 9, 2020, a motion was filed seeking to extend the deadline to object to the Debtor's discharge, on the Trustee's behalf, as well as, on behalf of the Office of the United States Trustee.

8. On October 6, 2020, the Court entered an order extending the deadline for the Trustee and the Office of the United States Trustee to object to discharge to December 13, 2020.

9. The Debtor has consented to an extension of the time for the Trustee and the Office of the United States Trustee to object to discharge until February 12, 2021. This consent is memorialized by Debtor's counsel's execution of the proposed Consent Order submitted simultaneously herewith.

**WHEREFORE**, the Trustee respectfully requests that the proposed Consent Order submitted herewith be entered as an Order of this Court.

                                                Respectfully,

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
*Attorneys for Andrea Dobin*
*Chapter 7 Trustee*

By:  /s/ Joseph R. Zapata, Jr.
      JOSEPH R. ZAPATA, JR., ESQ.

Dated: November 16, 2020

3

4818-7227-1314, v. 1